**\*\*\*NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER\*\*\***

**Electronically Filed
Supreme Court
SCWC-16-0000428
28-JUN-2018
08:24 AM**

SCWC-16-0000428

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

ALBERT BATALONA,
Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAI'I,
Respondent/Respondent-Appellee.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000428; S.P.P. NO. 10-1-0075; CR. NO. 03-1-0787)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson JJ.)

Petitioner/Petitioner-Appellant Albert Batalona appeals from the Intermediate Court of Appeals' (ICA) August 4, 2017 Judgment on Appeal, entered pursuant to its June 28, 2017 Memorandum Opinion affirming the Circuit Court of the First Circuit's (circuit court) July 17, 2015 Amended Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in

Part Petition for Post-Conviction Relief.

In 2003, a jury found Batalona guilty of escape in the second degree, theft in the second degree, and theft in the fourth degree.[1]  Subsequently, the State filed a motion for an extended term of imprisonment, arguing that Batalona was a "multiple offender" under HRS § 706-662(4).[2]  On January 9, 2004, the circuit court held a hearing and granted the State's motion for extended term sentencing, finding that Batalona had been previously convicted of multiple felonies and that an extended term of imprisonment was necessary to protect the public.

Batalona appealed to the ICA.  Citing <u>Apprendi v. New</u>

---

[1]    The Honorable Marie N. Milks presided.

[2]    HRS § 706-662 (Supp. 2002) provided, in relevant part:

A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant satisfies one or more of the following criteria:

. . . .

(4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public.  The court shall not make this finding unless:

(a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony; or

(b) The maximum terms of imprisonment authorized for each of the defendant's crimes, if made to run consecutively would equal or exceed in length the maximum of the extended term imposed, or would equal or exceed forty years if the extended term imposed is for a class A felony. . . .

Jersey, 530 U.S. 466 (2000), Batalona argued that a jury must determine whether an extended term of imprisonment was necessary for the protection of the public.  Batalona also argued that the circuit court was statutorily barred from ordering restitution for repairs to the correctional facility arising from Batalona's escape because the government was not a direct victim.

The ICA affirmed the circuit court's judgment. Batalona then filed an application for writ of certiorari to this court, which was denied in 2006.[3]

In 2010, Batalona filed a Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 petition.[4]  Batalona asserted that his sentence was illegal, reiterating his Apprendi argument as well as arguing that the circuit court failed to enter findings of fact and conclusions of law "specifically illustrating that Batalona could afford to pay restitution" and a fine, citing State v. Werner, 93 Hawaiʻi 290, 297 (App. 2000).  Batalona later amended his petition by:  (1) adding a third claim that his sentence was illegal because a sentence for escape cannot legally run consecutive to a sentence of life without the possibility of parole; and (2) amending his inability to pay restitution claim to add that there was ineffective assistance of counsel for failure to raise that claim on direct appeal.

---

[3] Justice Acoba dissented, with whom Justice Duffy joined.

[4] The Honorable Colette Y. Garibaldi presided.

3

On July 17, 2015, the circuit court entered its Amended Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Petition for Post-Conviction Relief (7/17/15 Order). The circuit court granted a hearing on the issues of whether Batalona could afford to pay the imposed restitution and fine, and whether Batalona had ineffective assistance of appellate counsel. The circuit court denied all remaining grounds--including the Apprendi argument--and characterized them as "patently frivolous and without a trace of support."

On April 27, 2016, the circuit court entered its Findings of Fact, Conclusions of Law, Order, and Final Disposition Regarding Petition for Post-Conviction Relief (4/27/16 Order). The circuit court determined that the trial court "did not make a specific finding regarding [Batalona's] ability to pay the restitution ordered." The circuit court then concluded that a fine was not appropriate and that Batalona had the ability to pay 10% of his wages earned while incarcerated toward victim restitution. The circuit court also concluded that Batalona's appellate counsel did not render ineffective assistance of counsel by failing to raise the issue of Batalona's ability to pay the fine and restitution.

Batalona appealed to the ICA the 7/17/15 Order and the 4/27/16 Order. In his opening brief, Batalona raised two points of error. First, Batalona argued that the circuit court erred in

4

denying Batalona's petition to set aside restitution because the circuit court failed to enter sufficient findings and conclusions to demonstrate that Batalona was able to afford paying $3,149 in restitution. Second, Batalona argued that the circuit court erred by denying Batalona's petition to correct his illegal sentence under Apprendi and its progeny.

In its Memorandum Opinion, the ICA held that the circuit court abused its discretion when it made insufficient findings of fact to conclude that Batalona could afford to pay the amount of restitution ordered. The ICA also held that the circuit court did not err in concluding that Apprendi did not apply to Batalona's sentence. Pursuant to its Memorandum Opinion, the ICA affirmed the 7/17/15 Order with respect to the Apprendi issue, vacated the 4/27/16 Order, and remanded for further proceedings.

In Batalona's application for writ of certiorari, Batalona presented one question: "[w]hether the ICA gravely erred in concluding that Apprendi does not apply to Batalona's sentence." (Underline added and footnote omitted).

In Flubacher, we recently stated:

> [W]e hold that the line of demarcation is Apprendi, not Booker or Cunningham, in determining whether extended term sentences imposed without jury findings are subject to collateral attack. Accordingly, we correct the conclusion in Loher and subsequent opinions that the legal landscape only became clear after Apprendi (2000), Blakely (2004), and Booker (2005), were taken together. To the extent that our

5

> prior opinions and the ICA's prior opinions are contrary to our holding, they are now overruled. Here, a judge, and not a jury, made the required finding that Flubacher's extended term sentence was necessary for the protection of the public. That required finding exposed the defendant to a greater punishment than that authorized by the jury's guilty verdict. Therefore, Flubacher's extended term sentences were imposed in an illegal manner because they violate Apprendi.

Flubacher v. State, 142 Hawaiʻi 109, 118-19, 414 P.3d 161, 170-71 (2018) (citations, quotation marks, footnote, and brackets omitted).

Here, a judge, and not a jury, determined in 2004 that Batalona's extended term sentence was necessary for the protection of the public, which is contrary to our holding in Flubacher. Therefore, we conclude that Batalona's extended term sentence was imposed in an illegal manner.

For the foregoing reasons, we vacate in part the ICA's August 4, 2017 Judgment on Appeal solely as to the extended term sentence, vacate in part the circuit court's 7/17/15 Order solely as to the extended term sentence, vacate in part the circuit court's January 9, 2004 Judgment in Cr. No. 03-1-0787 solely as to the extended term sentence, and remand this case for further proceedings consistent with this order. Because the other issues discussed in the ICA's June 28, 2017 Memorandum Opinion and August 4, 2017 Judgment on Appeal are not before us, we do not

disturb the ICA's conclusions as to those other issues.[5]

DATED:  Honolulu, Hawaiʻi, June 28, 2018.

| William H. Jameson, Jr.,<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Loren J. Thomas<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



---

[5]    The ICA vacated the 4/27/16 Order and remanded to "(1) determine whether Batalona can afford to pay the amount of restitution ordered and, if so, (2) issue appropriate findings and conclusions specifically illustrating that he can afford to pay that amount."